UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVY SHANNE ACORIN, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                              Defendant. | Case No.:  24-cv-00036-AJB-JAC<br><br>**ORDER GRANTING JOINT MOTION TO DISMISS**<br><br>**(Doc. No. 42)** |

On July 1, 2026, the parties filed a joint motion to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. No. 42.) The parties also ask that the Court retain ancillary jurisdiction for enforcement of the Settlement Agreement. (*Id.*)

As it relates to the Court retaining jurisdiction, "a federal court may retain jurisdiction over a settlement agreement where the court's order of dismissal incorporates the terms of the settlement agreement, or the order of dismissal explicitly states that the court retains jurisdiction over the settlement." *Gonzalez v. United States*, No. 16-cv-1792-MMA (KSC), 2017 WL 1094074, at *6 (S.D. Cal. Mar. 23, 2017) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)). "[A] court is under no obligation to retain jurisdiction over a settlement agreement, but may do so if it chooses." *LA All. for Hum. Rts. v. City of Los Angeles*, No. LACV2002291DOCKES, 2023 WL 3431905 (C.D.

Cal. May 2, 2023) (quoting *Brass Smith, LLC v. RPI Indus.*, Inc., 827 F. Supp. 2d 377, 381 (2011)).

Here, because the parties do not attach the Settlement Agreement, nor does Counsel provide any reason or argument as to why the Court should retain jurisdiction for purposes of enforcing the Settlement, the Court declines to do so. *See Valencia v. Nissan N. Am., Inc.*, No. 1:25-CV-00989-JLT-SAB, 2025 WL 3776640, at *1 (E.D. Cal. Dec. 31, 2025) (noting that the court "generally declines generic requests to retain jurisdiction following dismissal); *Vestin Realty Mortg. II, Inc. v. Klaas*, No. 08-CV-2011 AJB (MDD), 2014 WL 12898761 (S.D. Cal. July 25, 2014) (denying an unsupported request for the court to retain jurisdiction over a settlement).

For good cause shown, the Court **GRANTS** the joint motion to dismiss and dismisses this action in its entirety **with prejudice**, with each party to bear their own costs and fees. (Doc. No. 42.) However, for the reasons stated above, the Court **DECLINES** to retain jurisdiction over the matter for purposes of enforcing the Settlement Agreement. The Clerk of Court is directed to close this matter.

**IT IS SO ORDERED.**

Dated:  July 10, 2026

Hon. Anthony J. Battaglia
United States District Judge

24-cv-00036-AJB-JAC